IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| FEDERAL EXPRESS CORPORATION,<br>Plaintiff,<br>v.<br><br>TEN POINT LOGISTICS, INC. and JAMES A. JOSEFFY,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-03055-SHL-tmp |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Federal Express Corporation's ("FedEx") Motion for Default Judgment, filed July 1, 2026. (ECF No. 21.) FedEx seeks entry of a default judgment in the amount of $1,656,099.00, plus pre- and post-judgment interest and costs of court, against Defendants Ten Point Logistics and James Joseffy, who have both failed to respond to FedEx's Complaint or otherwise engage in the litigation. (Id. at PageID 199.)

For the reasons outlined below, Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE**.

## BACKGROUND

Ten Point, a logistics company, entered into several shipping contracts with FedEx, under which FedEx provided discounted shipping services to Ten Point and some of its customers.[1] (ECF No. 1 at PageID 2.) By March 2025, Ten Point owed $2,000,000.00 for past shipments and had stopped making payments. (Id. at PageID 3.) So, on March 27, 2025, FedEx notified

[1] The pleadings are unclear as to when, exactly, the Parties entered the agreements, although the Parties' signed Settlement Agreement states that the most recent agreement between the Parties, as of July 15, 2025, was effective May 21, 2019. (ECF No. 21-1 at PageID 204.)

Ten Point that it was terminating the shipping contract that was in effect at that time. (Id.; ECF No. 21-1 at PageID 204.) FedEx also notified James Joseffy, Ten Point's President and owner, of the contract cancellation. (ECF No. 1 at PageID 3.) After a few months passed, during which Joseffy attempted to convince FedEx that he had investors ready to pay Ten Point's debts, the Parties decided to cut their losses and entered into a Settlement Agreement on July 15, 2025. (Id.)

The Settlement Agreement specified that: (1) Ten Point owed FedEx more than $2,318,000.00; (2) Ten Point agreed to pay FedEx $1,656,099.00, in six installment, beginning July 30, 2025 and ending December 31, 2025; (3) Joseffy would be jointly and severally liable for the fulfillment of all of Ten Point's obligations set forth in the Settlement Agreement. (ECF No. 21-1 at PageID 204–05, 207.) The Settlement Agreement was signed by Joseffy, both as President of Ten Point and individually. (Id. at PageID 209.)

Defendants failed to make any payments under the Settlement Agreement, so FedEx initiated this lawsuit. (ECF No. 1.) In it, FedEx brings claims for breach of contract against both Ten Point and Joseffy.

## ANALYSIS[2]

FedEx asserts that default judgment is appropriate because the requirements of Federal Rule of Civil Procedure 55 have been satisfied. Additionally, FedEx seeks a judgment against Ten Point and Joseffy in the amount of $1,656,099.00, plus pre-judgment and post-judgment interest until that amount is paid in full and all costs of court. As explained below, FedEx has shown that it is entitled to entry of default judgment against Ten Point and Joseffy in the amount

[2] The Parties' Settlement Agreement, the contract at issue in this Order, contains a provision that any disputes, claims, or controversies relating to the agreement would be governed by Tennessee law. (ECF No. 21-1 at PageID 208.) So, the analysis applies Tennessee law.

of $1,656,099.00 but has not shown that it is entitled to pre- or post-judgment interest or court costs.

A. Default Judgment

Federal Rule of Civil 55 establishes a two-step process for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). First, "the clerk must enter the party's default." Id. When a default is entered against a defendant, "that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." Joe Hand Promotions, Inc. v. Pat's Snack Bar, LLC, No. 6:19-CV-67-REW, 2020 WL 1923178, at *2 (E.D. Ky. Apr. 21, 2020) (quoting Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).

Here, the Clerk has entered default. (See ECF No. 13; ECF No. 20.) Thus, Rule 55's first step is satisfied.

The second step requires the Plaintiff to "apply to the court for a default judgment," which it has done. (See ECF No. 21); Fed. R. Civ. P. 55(b)(2). Neither Ten Point nor Joseffy have responded to FedEx's motion for default judgment in the over three months that have passed since FedEx's Motion was filed. But even when a clerk has entered default and a plaintiff has applied for default judgment, it nevertheless falls to a court "to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Anderson v. Johnson, 194 F.3d 1311 (Table), No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) (internal citation omitted). Thus, the Court must evaluate whether FedEx's allegations establish that Ten Point and Joseffy breached their contract with FedEx.

To establish a breach of contract claim, Plaintiff must show "the existence of a valid and enforceable contract . . . a deficiency in the performance amounting to a breach . . . [and] damages caused by the breach." Pennymac Loan Servs., LLC v. Andrews, No. 1:25-cv-01151-JDB-jay, 2026 WL 374875, at *2 (W.D. Tenn. Jan. 20, 2026) (applying Tennessee law), report and recommendation adopted, 2026 WL 374922 (W.D. Tenn. Feb. 10, 2026) (citations omitted). FedEx's filings, including the signed Settlement Agreement between the Parties, establish that Ten Point and Joseffy breached their agreement with FedEx.

First, FedEx alleges a valid and enforceable contract between it, Ten Point, and Joseffy. (ECF No. 1 at PageID 3-4.) FedEx buttresses the allegation in its Complaint that it is owed $1,656,099.00 in damages, by attaching to its Motion for Default Judgment a copy of the signed Settlement Agreement, along with a sworn affidavit certifying the legitimacy of the agreement . (ECF No. 21-1 at PageID 201–02, 204–09.) Second, FedEx has sufficiently alleged that Ten Point and Joseffy's deficient performance amounted to a breach, as neither Ten Point nor Joseffy have made any of the payments outlined in the Settlement Agreement. (Id.) Finally, FedEx sufficiently alleges that it has suffered damages in the form of Ten Point and Joseffy's non-performance of the terms of the Settlement Agreement, which has resulted in FedEx not receiving the over $1.5 million in payments it is owed.

Therefore, Plaintiff has sufficiently alleged that Ten Point and Joseffy breached their contract with Plaintiff.

B. Relief Sought

While the entry of default is deemed an admission of liability by the defendant, the amount of damages must be proven. Vesligaj v. Peterson, 331 F. App'x 351, 355 (6th Cir. 2009) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations

in the complaint with respect to the amount of the damages are not deemed true." (citation omitted)). Rather than accepting the allegations in the complaint as true with respect to damages, a district court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonably certainty." Id. However, a district court need not always conduct "an evidentiary hearing to determine damages, [as] an evidentiary hearing is not a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertain on the record before the court." Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, No. 2:11–cv–377, 2011 WL 5389425, at *1 (S.D. Ohio Nov. 7, 2011).

Entry of default judgment is appropriate when the amount of entry sought is reflected in a valid settlement agreement. See, e.g., More Than Gourmet, Inc. v. Christian Potier, S.A., No. 5:18-cv-2510, 2022 WL 17092798, at *4 (N.D. Ohio Nov. 21, 2022); Homewatch Int'l Inc. v. Eleweke, No. 16-cv-10457, 2018 WL 4206964, at *2 (E.D. Mich. Sep. 4, 2018). Here, the Parties' Settlement Agreement reflects that Ten Point and Joseffy agreed to pay FedEx $1,656,099.00. (ECF No. 21-1 at PageID 204.) Therefore, under on the Settlement Agreement, FedEx is entitled to an entry of default judgment against Ten Point and Joseffy in the amount of $1,656,099.00.

Finally, FedEx requests pre- and post-judgment interest until the $1,656,099.00 is paid in full, as well as all costs of court. However, FedEx does not state why it is entitled to pre- and post-judgment interest or specify the rate at which interest should accrue. The Settlement Agreement does not contain a provision entitling FedEx to pre- or post-judgment interest, and FedEx has not identified any authority that supports its request. And while the Settlement Agreement provides that "[i]n the event that any Party should bring any action . . . for failure to comply with this Agreement . . . the prevailing party in such action . . . shall recover . . . all court

costs," FedEx does not identify the amount of court costs it seeks. (ECF No. 21-1 at PageID 208.) If FedEx would like to recover pre- and/or post-judgment interest, and court costs, it is incumbent upon FedEx, not the Court, to address these unanswered questions.

## CONCLUSION

Therefore, for the above-outlined reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART** without prejudice. Plaintiff is **AWARDED** $1,656,099.00 in damages. However, Plaintiff's request for pre- and post-judgment interest, along with court costs, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE