**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL EXPRESS CORPORATION,<br>Plaintiff,<br>v.<br>TEN POINT LOGISTICS, INC. and JAMES A. JOSEFFY,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-03055-SHL-tmp |

**ORDER SUPPLEMENTING ORDER FOR DEFAULT JUDGMENT**

Before the Court is Plaintiff Federal Express Corporation's ("FedEx") Motion, styled a Motion to Reconsider. (ECF No. 23.) In it, FedEx seeks revisions to this Court's previous Order granting in part and denying in part its Motion for Default Judgment. Because FedEx has now answered the questions raised in that prior Order, and for the reasons outlined below, the Motion is **GRANTED**.

**BACKGROUND**

FedEx was previously awarded $1,656,099.00 in damages. (See ECF No. 22 at PageID 211–15.) However, FedEx's Motion was denied in part, as FedEx had not shown it was entitled to pre- or post-judgment interest on the $1,656,099.00, and it had not specified the amount of court costs it sought. (Id. at PageID 214.) FedEx was instructed that, if it would like to recover pre- and post-judgment interest, as well as court costs, it would need to provide more information. (Id. at PageID 215.) So, the only issue here is whether FedEx has adequately shown its entitlement to court costs as well as pre- and post-judgment interest on its award of $1,656,099.00.

## ANALYSIS[1]

A. Prejudgment Interest

Under Tennessee law, "courts may award prejudgment interest 'as permitted by the statutory and common laws of the state as of April 1, 1979' . . . [which] [includes] breach of contract claims." Haddon v. Vanlier, — S.W.3d —, 2026 WL 1291979, at *2 (Tenn. May 12, 2026) (first quoting Tenn. Code Ann. § 47-14-123, and then citing Johnson v. Tenn. Farms Mut. Ins. Co., 556 S.W.2d 750, 752 (Tenn. 1977)). "Awarding prejudgment interest is discretionary, but Tennessee law is presumptively in favor of granting prejudgment interest." Newman v. Shelby Cnty. Bd. of Educ., No. 2:16-cv-02127-SHL-cgc, 2021 WL 3264307, at *3 (W.D. Tenn. Jan. 27, 2021) (citing Stamec, Inc. v. Anson Stamping Co., 346 F.3d 651, 660 (6th Cir. 2003)). Prejudgment interest is calculated "in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Id. (quoting Tenn. Code Ann. § 47-14-123).

An award of prejudgment interest rests on equitable considerations, and the following factors guide a court's analysis:

> (1) promptness in the commencement of a claim, (2) unreasonable delay of the proceedings by either party, (3) abusive litigation practices by either party, (4) the certainty of the existence of an underlying obligation, ([5]) the certainty of the amount in dispute, and ([6]) prior compensation for the lost time value of the plaintiff's money.

Id. (quoting Cook's Roofing, Inc. v. Hartford Underwriters Ins. Co., No. W2019-00271-COA-R3-CV, 2020 WL 4151216, at *17 (Tenn. Ct. App. July 20, 2020), perm. app. denied (Tenn. Nov. 17, 2020).

[1] Tennessee law governs here. (See ECF No. 22 at PageID 211 n.2.)

FedEx argues that these factors weigh in favor of awarding prejudgment interest. First, FedEx contends that it promptly filed suit, initiating its action in November of 2025 when, in September 2025, Defendants failed to make payments agreed to in a settlement agreement and thus were in default. (ECF No. 23 at PageID 219.) FedEx emphasizes that it filed suit before Defendants' final payment became due, because it failed to make an initial payment, even following an extension. (Id.) Second, FedEx asserts that it caused no unreasonable delay in the proceedings of its actions, as it initiated default proceedings three months after filing suit despite service of process issues that were not of its own making. (Id.) Finally, FedEx contends that the remaining factors support a prejudgment interest award, as it did not engage in abusive litigation tactics, Defendants' underlying obligation and amount owed are certain, and it should be compensated for the lost time-value of the money it is entitled to. (Id.)

FedEx is correct. Filing an action a few months after a defendant's breach of contract is sufficiently prompt. Accord Williams v. Shelby Cnty. Bd. of Educ., No. 2:17-cv-02050-TLP-jay, 2020 WL 7061763, at *2 (W.D. Tenn. Dec. 2, 2020) (lawsuit filed ten months after cause of action accrued deemed prompt). Second, FedEx sought default judgment quickly, and this case was filed less than a year ago, which both reflect a lack of unreasonable delay in the proceedings. See id. (no delay when proceedings lasted over three years). Third, based on the filings and docket entries, FedEx does not appear to have engaged in abusive litigation tactics.

As to the remaining factors, the settlement agreement, which serves as the basis for FedEx's default judgment award, plainly states the amount FedEx is owed by Defendants. Moreover, as to the lost-time value of the money, "Tennessee law favors 'awarding prejudgment interest whenever doing so will more fully compensate plaintiffs for the loss of use of their funds.'" Newman, 2021 WL 3264307, at *4 (quoting Bennet v. Highland Graphics, Inc., No.

3:14-cv-02408, 2017 WL 4512470, at *5 (M.D. Tenn. Oct. 10, 2017)). Therefore, an award of prejudgment interest is equitable in this case.

As far as the rate of prejudgment interest, FedEx proposes a 6% rate, which is below the 10% maximum. (ECF No. 23 at PageID 220.) FedEx acknowledges that 5% has been the going rate in related cases in this jurisdiction, see id. at *5 (collecting cases), but argues that 6% is more appropriate, citing recent rate hikes and record-high mortgage rates. (Id.) Given that the ceiling on prejudgment interest is 10%, and a 6% rate would not be a windfall in light of high prevailing interest rates, a 6% prejudgment interest rate is appropriate here. Cf. Williams, 2020 WL 7061763, at *4 (noting that a 5% award was more appropriate "in light of prevailing interest rates" (citation omitted)).

FedEx proposes that prejudgment interest begin to run on January 1, 2026, a day after Defendants were to have fully satisfied their requirements under the settlement agreement. (ECF No. 23 at PageID 220.) Prejudgment interest "run[s] up until the point where the federal post-judgment interest provisions are triggered." Stryker Corp. v. XL Ins. Am., 735 F.3d 349, 361 (6th Cir. 2012). As explained below, because post-judgment interest shall run from the date of the October 21, 2026 Order, as that is the date at which damages were ascertained in a meaningful way, FedEx is entitled to prejudgment interest from January 1, 2026 until October 21, 2026. See Caffey v. Unum Life Ins. Co., 302 F.3d 576, 588 (6th Cir. 2002)).

Putting the math together, FedEx is entitled to prejudgment interest in the amount of $79,766.32. 6% of $1,656,099.00 is $99,365.94, which is equivalent to $272.24 per day. January 1, 2026 to October 21, 2026 is 293 days, which, multiplied by the daily value of $272.24, equals $79,766.32.

B. Post-judgment Interest

"In diversity cases, federal law governs post-judgment interest." Shelby Cnty., Tenn. V. Archon Info. Sys., LLC, No. 2:24-cv-2282-MSN-atc, 2024 WL 7002324, at *5 (W.D. Tenn. Oct. 25, 2024) (citation omitted). Under federal law, district courts are "required to award post[-]judgment interest." Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC, No.: 3:15-CV-547-TAV-DCP, 2023 WL 6393157, at *3 (E.D. Tenn. Sep. 29, 2023). The rate of post-judgment interest is set by 28 U.S.C. § 1961, which states that "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."

Because this Court's October 21, 2026, Order awarded FedEx default judgment, post-judgment interest is determined based on the average 1-year constat maturity treasury yield for the week ending October 16, 2026. Accord id. ("'[P]ost[-]judgment interest should begin to run once damages have been "ascertained" in [a] meaningful way.'") (quoting Caffey v. Unum Life Ins. Co., 302 F.3d 576, 588 (6th Cir. 2002)). Thus the post-judgment interest rate is 4.49%, which shall run from October 21, 2026, and is compounded annually until the judgment is satisfied.[2] 28 U.S.C. § 1961(b).

C. Court Costs

As the Court's previous Order observed, the Parties' Settlement Agreement entitled FedEx to court costs, however, at the time of that Order, it had not identified the amount of court costs it was seeking. (ECF No. 22 at PageID 215.) FedEx clarifies that it is seeking $854.00 in

[2] See 2026-10-16, Selected Interest Rates Instruments, Yields in percent per annum: Weekly | FRED | St. Louis Fed.

court costs, which represents $405.00 to file its lawsuit, $53.00 to serve Defendant Ten Point, and $396.00 in its attempts to serve Defendant Jossefy. (ECF No. 23 at PageID 222.) The Parties' Settlement Agreement provided that, "[i]n the event that any Party should bring any action . . . for failure to comply with this Agreement . . . the prevailing party in such action . . . shall recover . . . all court costs." (ECF No. 21-1 at PageID 208.) Therefore, FedEx is entitled to the $854.00 it seeks. See Tru Mobility, Inc. v. Briggs Auto Grp., Inc., No. 5:21-CV-04071-JAR-TJJ, 2023 WL 4930277, at *6 (D. Kan. Aug. 2, 2023) (prevailing party entitled to filing fee and other litigation-related expenses under contract provision).

## CONCLUSION

For the above-outlined reasons, FedEx's Motion is **GRANTED**. In addition to the $1,656,099.00 previously awarded to FedEx, it is entitled to pre- and post-judgment interests, as well as court costs. Therefore, the following damages are added to the damages previously awarded:

(1) FedEx is awarded prejudgment interest at a rate of 6% per annum, for a total of $79,766.32.

(2) FedEx is awarded post-judgment interest at a rate of 4.49%, which shall run from October 21, 2026, and be compounded annually until the judgment is satisfied.

(3) FedEx is awarded its court costs, in the amount of $854.00.

**IT IS SO ORDERED**, this 12th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE